WM. M. STEPHENS, Appellee, v. DAVID V. MILLER *et al.*, Appellants.

## Fraudulent Conveyance: EVIDENCE.

*Appeal from Jackson District Court.*—HON. A. HOWAT, Judge.

THURSDAY, JANUARY 26, 1893.

ACTION in equity by which the plaintiff, who is a judgment creditor of the defendant, J. B. Miller, seeks to subject certain land to the payment of his judgment indebtedness. The land was formerly owned by said J. B. Miller, and, after the debts upon which the judgment indebtedness is founded were contracted, said J. B. Miller conveyed the land to the defendant, D. V. Miller. It is claimed that the conveyance was made by the parties thereto for the purpose of hindering, delaying and defrauding the creditors of said J. B. Miller. There was a hearing on the merits, and a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*W. C. Gregory* and *William Graham,* for appellants.

*G. L. Johnson* and *Keck & House,* for appellee.

ROTHROCK, J.—David V. Miller is the son of J. B. Miller, and the land conveyed was the farm on which said J. B. Miller had for many years resided. For some years prior to the conveyance, David V. Miller resided in Dallas county. About one week before the conveyance was made, D. V. Miller arrived at the house of his said father, on a visit. He claims that he came there with the sum of two thousand, five hundred dollars in his personal possession, and that he bought the farm and paid that amount of money for it. The question as to the character of the

transaction is one of fact. There is no legal question involved, except the conclusion to be drawn from the facts. We have each carefully examined the evidence, and our conclusion is that the court correctly found that the sale and conveyance were fraudulent as to the creditors of the grantors. We need not recite the evidence upon which our conclusion is based. The decree is AFFIRMED.